UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-943 CAS(MANx) | Date | February 27, 2009 |
|---|---|---|---|
| Title | SAUL LARNER v. 750 GARLAND AVE., LLC; ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:           Attorneys Present for Defendants:

**Proceedings:**  (In Chambers:) **PLAINTIFF'S EX-PARTE APPLICATION FOR A TEMPORARY RESTRAINING ORDER** (filed 2/23/09)

On February 13, 2009, plaintiff Saul Larner filed suit against defendants 750 Garland, LLC; Bret Mosher; Steven Stanleigh; and Does 1-10 alleging claims for (1) violations of the Fair Housing Act, 42 U.S.C. § 3601 *et seq.*; (2) breach of the implied warranty of habitability; (3) negligent maintenance of premises; (4) nuisance; and (5) intentional infliction of emotional distress. Plaintiff alleges that he was denied a parking space and that defendants refused to make necessary repairs to his apartment. Plaintiff further alleges that he is Jewish and that defendants have repeatedly made derogatory comments about Jewish persons.

On February 23, 2009, plaintiff filed the instant ex-parte application for a temporary restraining order and a preliminary injunction. The Court has not received an opposition to plaintiff's ex-parte application.

The purpose of a temporary restraining order is to "preserve the status quo pending hearing on the moving party's application for a preliminary injunction." Judge William A. Schwarzer et al., California Practice Guide: Federal Civil Procedure Before Trial § 13:11 (The Rutter Group 2002) (citing Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers, 415 U.S. 423, 439 (1974)). A preliminary injunction is appropriate when the moving party shows either (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) the existence of serious questions going to the merits and that the balance of hardships tips sharply in the moving party's favor. See Rodeo Collection, Ltd. v. West Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987). These are not two distinct tests, but rather "the opposite ends of a single 'continuum in which the required showing of harm varies inversely with the required

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-943 CAS(MANx) | Date | February 27, 2009 |
|---|---|---|---|
| Title | SAUL LARNER v. 750 GARLAND AVE., LLC; ET AL. | | |

showing of meritoriousness.'"  Id.  A "serious question" is one on which the movant "has a fair chance of success on the merits."  Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1421 (9th Cir. 1984).

After carefully considering plaintiff's arguments, the Court concludes that plaintiff's application should be denied.  Plaintiff has not sufficiently shown a probability of success on the merits.  Rodeo Collection, 812 F.2d at 1217.  Plaintiff alleges that defendants filed an unlawful detainer action against him "in retaliation against Plaintiff for requested repairs as they relate to inhabitability."  Compl. ¶ 24.  However, plaintiff fails to allege the status of the unlawful detainer action.  Furthermore, it is unclear whether a possibility of irreparable harm exists because plaintiff asserts that he "may" be evicted from his premises and does not provide the grounds for his potential eviction.  On the record before it, the Court cannot conclude that plaintiff has shown a probability of success on the merits.

In accordance with the foregoing, plaintiff's ex-parte application is hereby DENIED without prejudice to plaintiff filing a duly noticed motion for a preliminary injunction.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |